# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN ILLINOIS
# EASTERN DIVISION

Lee Niles, *on behalf of himself
and others similarly situated*,

        Plaintiff,

vs.                           Case No.

21st Century Insurance and Financial
Services, Inc., f/k/a AIG Marketing,
Inc.

        Defendant.

## Nature of Action

1. This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Lee Niles's ("Plaintiff") action occurred in this district, as Plaintiff resides in this district, and as 21st Century Insurance and Financial Services, Inc., f/k/a AIG Marketing, Inc. ("Defendant") transacts business in this district.

## Parties

4. Plaintiff is a natural person who at all relevant times resided Wilmington, Illinois.

5. Defendant is an entity incorporated in Delaware, wholly owned by the Farmers Insurance Group of Companies®, and headquartered at 3 Beaver Valley Rd, Wilmington, DE 19803.

1

**Factual Allegations**

6. In late 2013, Defendant began placing calls to (815) ▇▇▇-▇▇▇▇—Plaintiff's cellular telephone number.

7. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

8. Upon information and good faith belief, Defendant placed these calls for non-emergency purposes.

9. Upon information and good faith belief, Defendant placed these voluntarily.

10. Upon information and good faith belief, Defendant placed these calls under its own free will.

11. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

12. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place these calls.

13. Plaintiff is not one of Defendant's customers.

14. Plaintiff does not have any business relationship with Defendant.

15. Plaintiff never provided Defendant with his cellular telephone number.

16. Defendant did not have prior express consent to place calls to Plaintiff's cellular telephone number by using an automated telephone dialing system.

17. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

18. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

19.     Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b), and (c), and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom 21st Century Insurance and Financial Services, Inc. placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint.

20.     The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

21.     The class members are so numerous that joinder of all members is impracticable.

22.     The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

23.     The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

24.     There exists a well-defined community of interest in the questions of law and fact that affect the class members.

25.     Plaintiff's claims are typical of the class members' claims.

26.     Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

27.     Plaintiff's claims are based on the same theory as are the class members' claims.

28.     Plaintiff suffered the same injuries as each class member.

29. Plaintiff will fairly and adequately protect the class members' interests in this matter.

30. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

31. Plaintiff will vigorously pursue the class members' claims in this matter.

32. Plaintiff has retained counsel experienced and competent in class action litigation.

33. Plaintiff's counsel will vigorously pursue this matter.

34. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

35. The questions of law and fact common to all class members predominate over questions that may affect individual class members.

36. Issues of law and fact common to all class members are:

   a. Defendant's violations of the TCPA;

   b. The existence of Defendant's identical conduct;

   c. The availability of statutory penalties; and

   d. The availability of attorneys' fees and costs.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

38. If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

39. The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

40. The pursuit of separate actions by individual class members could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

41. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

42. The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually make it impossible for the class members to redress the wrongs done to them.

43. The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

44. There will be no difficulty in the management of this action as a class action.

45. Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(a)(iii)**

46. Plaintiff repeats and re-alleges each and every factual included in paragraphs 1-44.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to (815) ███████, absent Plaintiff's prior express consent to do so.

**Trial by Jury**

48. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees and costs under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: August 5, 2014

Respectfully Submitted,

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiff